IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **CARRINGTON MORTGAGE SERVICES, LLC** | § § § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No. 3:23-cv-168 |
| **BARBARA DAVIS AKA BARBARA MARIE PITMAN AKA BARBARA MARIE FERGUSON AKA BARBARA MARIE LUNDY** | § § § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Plaintiff Carrington Mortgage Services, LLC ("Plaintiff" or "Carrington") complaining of Barbara Davis a/k/a Barbara Marie Pitman a/k/a Barbara Marie Ferguson a/k/a Barbara Marie Lundy ("Defendant"), and files this *Original Complaint*, and states as follows:

### I.     PARTIES

1.     Plaintiff is a "mortgagee" as is defined in Texas Property Code section 51.001(4) and is appearing through the undersigned counsel.

2.     Decedent Ransom B. Lundy ("Decedent" or "Borrower") was a borrower under the loan agreement described below. Decedent Ransom B. Lundy passed away November 22, 2020. Upon information and belief, no probate is currently open or pending for Decedent's estate in the county where the subject Property is located or in the county in which decedent died. Accordingly, there is no executor or administrator to be made a party in this proceeding as the personal representative of the Decedent's estate.

3. Pursuant to Texas Estates Code §§ 101.001, 101.051, and 201.001, the heirs at law of Decedent ("Heir" or, collectively, "Heirs"), whether known or unknown, acquired all of Decedent's estate, including an undivided interest in the Property, immediately upon his death. Each Heir is made a party in this proceeding.

4. Defendant Barbara Davis a/k/a Barbara Marie Pitman a/k/a Barbara Marie Ferguson a/k/a Barbara Marie Lundy is an alleged heir and daughter of decedent. She is a citizen of the state of Texas and may be served with process 3404 9th Avenue N, Apartment 915, Texas City, Texas 77590 or at any other place where he may be found. Summons is requested.

## II.   PROPERTY

5. This proceeding concerns the real property and improvements commonly known as 2908 Avenue M 1/2, Galveston, Texas 77550 and more particularly described as follows:

> LOT TEN (10), IN NORTEAST BLOCK OF OUTLOT FOURTEEN (14) IN THE CITY AND COUNTY OF GALVESTON, TEXAS. TAX PARCEL ID NO.: 3510-0014-1010-000 COMMONLY KNOWN AS: 2908 AVENUE M 1/2, GALVESTON, TX 77550.

(the "Property").

## III.   DIVERSITY JURISDICTION AND VENUE

6. This Court has jurisdiction over the controversy because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332.

7. Plaintiff is a limited liability company. For diversity purposes, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See Harvey v. Grey Wolf Drilling, Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The same requirement applies to any member of a limited liability company which is also a limited liability company. *See Turner Bros.*

*Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, 2007 WL 2848154, at *4-5 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [sic] can result in dismissal for want of jurisdiction.") (quotation and citation omitted). Carrington Mortgage Services, LLC's sole member is Carrington Mortgage Holdings, LLC and a private individual who is not a citizen of Texas. Carrington Mortgage Holdings, LLC's sole member is the Carrington Companies, LLC. The Carrington Companies, LLC's members are two private individuals who are not citizens of Texas. Therefore, Carrington Mortgage Services, LLC is not a citizen of Texas.

8. The named Defendant is an individual and citizen of the state of Texas.

9. In this suit, Plaintiff seeks a declaratory judgment to foreclose on real property. Because the property is valued at more than $75,000.00, the minimum amount-in-controversy requirement has been met. When the object of the litigation is a mortgage lien that entitles its owner to the full use and enjoyment of the property, the lien may be measured by the appraised value of the property, the purchase price, or the outstanding principal and interest. *Cf. Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

10. When a party seeks declaratory relief, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 256 (5th Cir.1996). Stated differently, the amount in controversy is "the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Grp. v. Lou-Con, Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)); *see also Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).

11. Here, the value of the right to be protected is enforcement of mortgage contract through foreclosure. If Plaintiff were to foreclose on the Property, it would be entitled to either the full use and possession of it, or the proceeds of a foreclosure sale. But if Plaintiff is unable to foreclose, it may be entirely divested of any interest in the Property. Thus, rights to the entirety of the property are in question, and the value of the property controls. And the value of the Property exceeds $75,000.00. The Galveston County Appraisal District values the Property at $321,300.00 Therefore, the amount of controversy is met.

12. Venue is proper in the Southern District of Texas, Galveston Division, because this suit concerns title to real property located in Galveston County, Texas. *See* 28 U.S.C. §§ 124(a)(1), 1391(b)(2).

## IV.   FACTS

13. The foregoing paragraphs are incorporated by reference for all purposes.

14. On or about October 26, 2018, Decedent Ransom B. Lundy executed an *Adjustable Rate Note (Home Equity Conversion)* ("Note"), in the maximum principal amount of $303,000.00 with an interest rate of 5.020% per annum and originally payable to FirstBank ("FirstBank") as lender on a loan secured by the Property. A true and correct copy of the Note is attached hereto as **Exhibit A**.

15. Concurrently with the execution of the Note, Decedent Ransom B. Lundy ("Borrower") executed an *Adjustable Rate Texas Home Equity Conversion Deed of Trust*, ("Security Instrument" and together with the Note, "Loan Agreement"), as grantors, granting Harbor Financial, its successors and assigns, a security interest in the Property. The Security Instrument was recorded on November 2, 2018, in the Official Public Records of Galveston

County, Texas, as Instrument Number 2018066083. A true and correct copy of the Security Instrument is attached hereto as **Exhibit B**.

16. Mortgage Electronic Registration Systems, Inc. ("MERS"), as beneficiary, as nominee for FirstBank, its successors and assigns, assigned and transferred the Loan Agreement to Reverse Mortgage Funding, LLC ("RMF") as evidenced by an *Assignment of Deed of Trust*, which was recorded in the Official Public Records of Galveston County, Texas on September 20, 2021 as Instrument No. 2021068529. A true and correct copy of the recorded Assignment is attached hereto as **Exhibit C**.

17. Subsequently, RMF transferred and assigned the loan to Carrington. The *Assignment of Deed of Trust* was recorded on January 19, 2023, in the Official Public Records of Galveston County, Texas as Instrument No. 2023002966. A true and correct copy of the recorded Assignment is attached hereto as **Exhibit D**.

18. Plaintiff is the current legal owner and holder of the Note. Plaintiff is also the mortgagee of the Security Instrument as that term is defined in section 51.0001 (4) of the Texas Property Code.

19. Decedent Ransom B. Lundy passed away on or about November 22, 2020. In accordance with Texas Estates Code §§ 101.001(b) and 101.051, his heirs acquired all of their interest in the Property immediately upon his death, subject to the Loan Agreement debt owed to Plaintiff.

20. Defendant Barbara Davis a/k/a Barbara Marie Pitman a/k/a Barbara Marie Ferguson a/k/a Barbara Marie Lundy filed an *Application to Determine Heirship and for Letters of Independent Administration – Intestate* ("Application") in the Probate Court of Galveston County on February 28, 2022, as Cause No. PR-0082643 styled In the Estate of Ransom Lundy

Deceased. As no further action was taken by Defendant, the Probate Court, upon a Motion by Plaintiff dismissed the probate action on March 29, 2023. A copy of the Application and Order of Dismissal are attached hereto as **Exhibit E** and **Exhibit F**, respectively.

21.     As such, there is no probate opened for Decedent in the county in which the property is located or in which he died. Therefore, there is no personal representative of Decedents' respective estates to be made a party to this action.

22.     Under the terms of the Loan Agreement, the Lender may require immediate payment in full of all sums secured by the Loan Agreement if a Borrower dies and the property is not the Principal Residence of at least one surviving Borrower.

23.     The Loan Agreement further provides that should Borrower fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

24.     As is the case here, the Borrower passed away, and the property is not the Principal Residence of any surviving borrower. On August 27, 2021, a *Notice of Default and Intent to Accelerate* ("Notice of Default") was provided in accordance with the Loan Agreement and the Texas Property Code. A true and correct copy of the Notice of Default is attached hereto as **Exhibit G**.

25.     The default was not cured, and the maturity of the debt was accelerated on October September 28, 2021, when a *Notice of Acceleration of Loan Maturity* was provided in accordance with the Security Instrument and the Texas Property Code. A true and correct copy of the Notice of Acceleration of Loan Maturity is attached hereto as **Exhibit H**.

26. Plaintiff brings this suit for declaratory judgment and foreclosure so it may enforce its security interest in the Property.

## V. CAUSES OF ACTION

### A. DECLARATORY JUDGMENT

27. The foregoing paragraphs are incorporated by reference for all purposes.

28. Plaintiff requests a declaration from this Court that it is the owner and holder of the Note and beneficiary of the Security Instrument. Plaintiff requests a further declaration from this Court that, as owner and holder of the Note and beneficiary of the Security Instrument, Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4) and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property.

### B. ENFORCEMENT OF STATUTORY PROBATE LIEN

29. The foregoing paragraphs are incorporated by reference for all purposes.

30. Plaintiff seeks a declaration from this Court that Plaintiff has a statutory probate lien against the Property under the terms of the Loan Agreement and the following statutory authority:

> a. TEX. ESTATES CODE §§ 101.001(b) and 101.051(b)(1), which state in pertinent part:
>
> *"the estate of a person who dies intestate vests immediately in the person's heirs at law, subject to the payment of, and is still liable for: the debts of the decedent, except as exempted by law"*
>
> b. TEXAS TITLE EXAMINATION STANDARDS § 11.10, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in*

> *each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes;"* and
>
> c. TEXAS TITLE EXAMINATION STANDARDS § 11.60, which states in pertinent part:
>
> *"A decedent's Property passes to his or her heirs at law or devisees immediately upon death, subject in each instance, except for exempt Property, to payment of debts, including estate and inheritance taxes . . . Property of a decedent passes subject to unpaid debts and taxes of the estate."*

31. Through Plaintiff's statutory probate lien, reserved in Texas Estates Code §§ 101.001 and 101.151, Plaintiff has an enforceable and superior lien against the Heirs' interest in the Property. Because of a material breach of the Loan Agreement, Plaintiff seeks to enforce its statutory probate lien in the Property through foreclosure.

### C. NON-JUDICIAL FORECLOSURE

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. Because of a material breach of the Loan Agreement, Plaintiff seeks an order from this Court to enforce its statutory probate lien through non-judicial foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code § 51.002, with respect to Defendants who acquired the Property subject to Decedent's debts.

### D. PUBLIC AUCTION

34. The foregoing paragraphs are incorporated by reference for all purposes.

35. Because of the material breach of the Loan Agreement, a public auction of the Property in conjunction with all other regularly scheduled non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities and duties

of Plaintiff and the trustee are well known under Texas Property Code § 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process. Because no personal liability is sought against the Defendants, a public auction of the Property would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community. Otherwise, the Property will continue to be a wasting asset that is subject to vandalism and deterioration.

### E. JUDICIAL FORECLOSURE

36. The foregoing paragraphs are incorporated by reference for all purposes.

37. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

38. As the current legal owner and holder of the Note and the mortgagee of record who has the right to enforce the Note and Security Instrument, Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of Bexar County—the county where the Property is located—directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt.

### F. TRESPASS TO TRY TITLE

39. The foregoing paragraphs are incorporated by reference for all purposes.

40. Concurrent with Plaintiff acquiring all of Defendants' right, title, and interest in the Property by enforcement of Plaintiff's statutory probate lien by non-judicial foreclosure under Security Instrument's power-of-sale provision and the Texas Property Code or, alternatively, by judicial foreclosure. Plaintiff seeks a declaration and judgment that the Defendants are divested of

all of their right, title, and interest in the Property and that all of Defendants' right, title, and interest in the Property are vested in Plaintiff.

### G. WRIT OF POSSESSION

41. The foregoing paragraphs are incorporated by reference for all purposes.

42. If any person occupies or claims possession of the Property (an "Occupant") after transfer of all right, title, and interest in the Property in favor of Plaintiff, then Plaintiff requests a writ of possession against any Occupant.

### H. ATTORNEYS FEES

43. Because of the material breach of the Loan Agreement, Plaintiff is entitled to recover reasonable and necessary attorneys' fees under the loan documents, and Texas Civil Practice and Remedies Code §38.001. Attorneys' fees are not sought as a personal judgment against the Defendants but only as an additional debt secured by the Security Instrument.

## VIII. CONDITIONS PRECEDENT

44. The foregoing paragraphs are incorporated by reference for all purposes.

45. In accordance with Federal Rule of Civil Procedure 9(c), all conditions precedent have been performed or have occurred for Plaintiff to enforce its security interest against the Property.

## VI. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Defendants be cited to appear and answer, and the Court enter judgment granting:

a. A declaration that Plaintiff is the owner and holder of the Note and beneficiary of the Security Instrument, and that Plaintiff is a mortgagee as that term is defined under Texas Property Code section 51.0001(4), and is authorized to enforce the power of sale in the Security Instrument through foreclosure of the Property;

b. A declaration that Plaintiff's statutory probate lien against the Property shall be enforced by a non-judicial foreclosure at public auction—or alternatively, a judgment for judicial foreclosure—and that through the foreclosure or auction the Defendants are divested, and the purchaser at foreclosure sale is vested, of all of Decedents' rights, title, and interest to the Property;

c. A writ of possession against any Occupant of the Property if the Occupant fails or refuses to leave the Property after foreclosure or auction;

d. Attorney fees and costs of suit; *and*

e. All other relief, in law and in equity, to which Plaintiff is entitled.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
Southern District Admission #21340
mcronenwett@mwzmlaw.com

**SARAH SIBLEY COX**
Of Counsel
State Bar No. 24043439
Southern District Admission #39086
scox@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**